**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adish Singh,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Chase Home Finance, a Delaware limited liability company,<br><br>　　　　　Defendant. | No. CV11-1341-PHX-DGC<br><br>**ORDER** |

Plaintiff Adish Singh has filed a motion to exclude a settlement offer made by Defendant Chase Home Finance. Doc. 20. The motion has been fully briefed. Docs. 20, 24, 26. Neither party has requested oral argument. For the reasons below, the Court will deny the motion.

**I.      Background.**

Singh purchased a home through a purchase money mortgage secured by a deed of trust with Chase Home Finance LLC ("Chase"). Doc. 24-1, at 3. The principal balance on the loan is $1,077,000. Singh agreed to make interest-only payments for the first ten years, with payments of both interest and principal for the remaining term of the loan. The initial interest rate was 7.25%. Singh's initial monthly payment was $6,774.13, of which $6,506.88 was for interest.

In 2009, after Singh began having difficulties meeting his mortgage obligations, he contacted Chase to request a loan modification. In October 2010, Singh and Chase entered a Trial Period Plan ("TPP"). Chase agreed that if Singh complied with the TPP

and made three monthly payments of $6,124.39 between December 1, 2010 and February 1, 2011, Chase would enter into a permanent modification of his mortgage and would reduce his principal debt. Doc. 20, at 15 (Ex. 2). Singh made the monthly payments. Doc. 20, at 20 (Ex. 3). On February 1, 2011, Chase sent Singh a proposed permanent loan modification. Doc. 20, at 32 (Ex. 4). Under the terms offered, Chase would add $163,359.38 in arrearages to the principal balance, fix Singh's previously adjustable interest rate at 4.125% for the next five years and at 4.750% for the remaining life of the loan, and offer a modified monthly payment of $6,087.73, of which $5,267.71 was principal and interest.

Singh contacted Chase to discuss why it had increased his principal instead of reducing it. On February 4, 2011, Singh's counsel sent a demand letter threatening a lawsuit if Chase did not comply with its agreement to provide a principal debt reduction modification. Doc. 20, at 57 (Ex. 5). Chase retained outside counsel to assist with the negotiations. On June 2, 2011, Singh sent Chase a draft of the lawsuit he intended to file. Doc. 20, at 102 (Ex. 6).

On June 24, 2011, Chase, through counsel, offered Singh another proposed loan modification (the "Offer") in an e-mail with the subject line "Singh-Rule 408 communication." Doc. 20, at 116-17. Under the terms offered, Chase would add $184,316.06 in past due interest and other expenses to the principal balance, fix Singh's interest rate at 4.125% for the next five years and at 4.5% for the remaining life of the loan, and offer a new monthly payment of $5,766.75 in principal and interest. After counsel for the parties exchanged a series of emails, Singh ultimately rejected the Offer. On June 28, 2011, Singh filed a complaint asserting claims for breach of contract and fraud, among others, and alleging that he "made demand upon Chase to honor its representations and provide the principal debt reduction but Chase has refused." Doc. 1-1, at 6 (Compl. ¶ 42).

**II.   Discussion.**

Singh argues that the Offer is inadmissible under Rule 408 to prove the validity or

invalidity of his breach of contract and fraud claims. Rule 408 states in pertinent part:

> Evidence of the following is not admissible . . . either to prove or disprove the validity or amount of a disputed claim . . .
>
> (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim . . . .

Fed. R. Evid. 408(a).

By its terms, Rule 408 does not apply to the Offer. The first sentence in subsection (a) makes clear that the rule concerns efforts "to prove or disprove the validity or amount of a disputed claim." *Id.* The rule then makes two categories of information inadmissible: (1) offers made "in compromising or attempting to compromise *the claim*," and (2) statements and conduct made during "negotiations about *the claim*." Fed. R. Ev. 408(a)(1), (2) (emphasis added). The focus is on "the claim." Rule 408 operates only when a party seeks to introduce compromise offers and conduct related to a claim in order to prove the validity or invalidity of *that claim*. As the Advisory Committee Note to Rule 408 explains: "evidence of an offer to compromise *a claim* is not receivable in evidence as an admission of . . . the validity or invalidity of *the claim*." Fed. R. Evid. 408, 1972 Adv. Comm. Note (emphasis added).

In this case, "the claim" which Chase seeks to disprove through use of the Offer is Singh's claim that Chase committed fraud and breach of contract. That was not the claim about which the Offer was made. The negotiations between Singh and Chase that gave rise to the Offer were negotiations to modify the loan contract, not negotiations about Singh's claim of fraud and breach of contract. Although litigation had been threatened by Singh's lawyer, the Offer did not concern the threatened causes of action; it concerned new terms for Singh's loan with Chase. Because the Offer did not relate to the claim

being asserted in this Court, it is not excluded by Rule 408.

Nor does admission of the Offer violate the public policy underlying Rule 408. The purpose of Rule 408 is "to encourage the compromise and settlement of existing disputes" and "to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail." *Josephs v. Pacific Bell*, 443 F.3d 1050, 1064 (9th Cir. 2006); *Rhoades*, 504 F.3d at 1161. Singh's argument that he "would not have engaged in candid settlement discussions if he knew that settlement communications would later be used against him in litigation" is not persuasive. Doc. 26, at 8. Singh does not seek to exclude a statement he made during negotiations. He seeks to exclude an offer made by Chase. The policy of encouraging compromise and settlement is not frustrated by admitting the Offer.

Finally, it is immaterial that Chase labeled the Offer a "Rule 408 communication." Doc. 20, at 116. This Circuit has instructed that "Rule 408 should not be used to bar relevant evidence . . . simply because one party calls its communication with the other party a 'settlement offer.'" *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1343 (9th Cir. 1987).

**IT IS ORDERED** that Plaintiff's motion to exclude (Doc. 20) is **denied**.

Dated this 19th day of December, 2011.

_____
David G. Campbell
United States District Judge